IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHOL AKOL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:20-cv-26-SPB** |
| | ) | |
| THOMAS CARNEY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Ashol Akol commenced this *pro se* civil action by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a complaint directed against Thomas Carney, a magisterial district judge in Erie County. *See* ECF No. 1-1. It appears from the complaint that Plaintiff's grievances stem from an unspecified adverse ruling issued by the Defendant in his capacity as a magisterial district judge. Plaintiff avers that, as a result of Defendant's ruling, she has become "unemployable," has "lost acceptances to University," and has received "disciplinary action from school." ECF No. 1-1 at 5. She states that the "legal matter is on google search" and suggests that this has resulted in injury to her reputation. Id. at 5-6. She further claims to have been "tormented by peers" and now suffers from depression. Id. at 6. Though the nature of her legal claims is unclear, Plaintiff cites 18 U.S.C. §§3161 and 4243 as a basis for asserting federal question jurisdiction. Id. at 4. Plaintiff has also separately filed a motion seeking to place certain documents under seal. ECF No. 2.

### I.    Plaintiff's Motion for Leave to Proceed In Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the

plaintiff seeks to proceed in forma pauperis.  *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir.

1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he

is eligible to proceed *in forma pauperis* under § 1915(a).  Second, the court assesses the

complaint under [§ 1915(e)(2)1] to determine whether it is frivolous." *Id*. (citing *Sinwell v.*

*Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc*., 389 F. App'x 90, 92 (3d

Cir. 2010).  Based upon a review of Plaintiff's application, the Court finds that Plaintiff is

without sufficient funds to pay the required filing fee.  Therefore, she will be granted leave to

proceed *in forma pauperis*, and the Clerk will be directed to docket her complaint.

## II.       Insufficiency of Plaintiff's Complaint

Nevertheless, pursuant to 28 U.S.C. §1915(e)(2), as amended, "[t]he court shall dismiss

the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon

an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly

baseless.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Whether a complaint fails to state a

claim under §1915(e) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999).  This standard requires the court to determine whether the complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Before dismissing a complaint

for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must

grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or

futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

In this case, Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted.  Plaintiff purports to predicate this Court's subject matter jurisdiction on two federal statutes.  The first one, 18 U.S.C. §3161, is the federal "Speedy Trial Act."  It has no applicability to proceedings before a Pennsylvania magisterial district court, nor does it afford a private right of action to aggrieved individuals.  The second statute, 18 U.S.C. §4243, pertains to the hospitalization of persons found not guilty of a crime solely by reason of insanity.  Again, it has no applicability to state court criminal proceedings, and affords no right of action to the Plaintiff.

Construing the complaint liberally and in the light most favorable to Plaintiff,[1] the Court assumes that Plaintiff may be attempting to assert some form of civil rights claim against the Defendant under 42 U.S.C. §1983.  Though the complaint does not include a prayer for relief, any monetary claim against the Defendant in his official capacity is barred by the Eleventh Amendment, because judicial defendants are considered to be an arm of the Commonwealth, and the Eleventh Amendment provides immunity to the States from suit in federal court.[2]  *See Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978); *Van Tassel v. Lawrence Co. Domestic Relations Section*, 659 F.Supp.2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010)

---

[1]  A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant.  *See Taksir v. Vanguard Grp.,* 903 F.3d 95, 96–97 (3d Cir. 2018).

[2] Although a state may expressly waive Eleventh Amendment immunity, "Pennsylvania has not waived its immunity from suit in federal court." *See Toth v. California Univ. of Pa.*, 844 F.Supp.2d 611, 648 (W.D. Pa. 2012) (citing 42 Pa.C.S.A. § 8521(b)). Nor did Congress intend to abrogate the traditional sovereign immunity afforded to the states by enacting 42 U.S.C. § 1983. *Id*. at 648.

(recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims).

To the extent that Plaintiff is seeking monetary damages against the Defendant in his individual capacity, such relief is barred by the "well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3rd Cir. 2000) (internal quotations omitted).  Such immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction." *Van Tassel*, 659 F. Supp. 2d at 695 (internal quotation omitted).  Here, Plaintiff's averments suggest that she her lawsuit is premised upon an adverse judicial ruling – action which is quintessentially judicial in nature.  *Muhammad v. Cappellini*, Civil Action No. 3:10–CV–2374, 2013 WL 1249029, at *3 (M.D. Pa. Mar. 27, 2013) (judicial acts include issuing orders, making rulings, and conducting hearings).  Nothing in the complaint permits a plausible inference that the Defendant's ruling was taken in the complete absence of jurisdiction.  Accordingly, any putative §1983 claim against the Defendant in his individual capacity must also be dismissed.

Nor does Plaintiff's complaint suggest any plausible basis for equitable relief.  To the extent she is seeking to overturn some type of criminal conviction through a civil rights lawsuit, her claims are potentially barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated." *Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) (*citing Heck*, 512 U.S. at 486-87), *cert. dismissed sub nom. Donahue v. Scalia*, No. 19-7573, 2020 WL 1668625 (U.S. Apr. 6, 2020).  Moreover, to the extent the Defendant's

4

ruling gave rise to a state court appeal that is still on-going, the doctrine of *Younger* abstention

precludes this Court from interfering in those proceedings.  *See Younger v. Harris*, 401 U.S. 37,

46 (1971); *Donahue,* 789 F. App'x at 328.  To the extent Plaintiff seeks to overturn a state court

conviction that is final, her claim for equitable relief is likely barred by the *Rooker-Feldman*

doctrine, which deprives lower federal courts of jurisdiction over suits that are essentially

appeals from state-court judgments.  *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Donahue,* 789 F. App'x

at 328.[3]

Alternatively, Plaintiff may be intending to assert state law claims based upon libel, the

intentional infliction of emotional distress, or some other common law theory.  This Court,

however, lacks subject matter jurisdiction to adjudicate claims based solely on state law, as the

parties in this case do not have diverse citizenship.  See 28 U.S.C. §1332.  Because Plaintiff's

complaint is facially deficient, it must be dismissed in accordance with 28 U.S.C. §1915(e)(2).

### III.    Amendment

Finally, the Court must consider the issue of amendment.  When a plaintiff is proceeding

*pro se,* the Court should not dismiss the complaint without giving the plaintiff an opportunity to

amend her claims, unless amendment would be inequitable or futile. *See Grayson,* 293 F.3d at

114.  Here, Plaintiff's minimal averments suggest that the defects in her complaint are likely

irremediable.  Nevertheless, out of an abundance of caution, the Court will permit Plaintiff an

---

[3] "[F]our requirements ... must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

opportunity to amend her complaint, on or before June 26, 2020, to the extent she can do so consistent with the principles discussed herein.

### IV.      Motion to File Documents Under Seal

Finally, the Court has reviewed the Plaintiff's motion for leave to file documents under seal.  The documents have no obvious relevance to the putative claim against the Defendant and do not otherwise suggest the existence of a plausible claim.  Accordingly, the motion will be denied without prejudice to be reasserted as future proceedings may warrant.

### V.      Conclusion

For all of the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis.*  The Clerk will be directed to file Plaintiff's complaint of record, but the complaint will be dismissed without prejudice and with leave to amend on or before June 26, 2020.  In the event Plaintiff fails to file an amended complaint within this time frame, the Court will enter an order converting the dismissal of her complaint to a dismissal **with prejudice**, without further notice, and the case will be closed.  Plaintiff's motion for leave to file documents under seal will be dismissed without prejudice to be reasserted, as future proceedings may warrant.

An appropriate order follows.


SUSAN PARADISE BAXTER
United States District Judge