**IN THE UNITED STATES DISTRICT COURT**
    **FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ASHOL AKOL,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     **v.** ) | Case No. 1:20-cv-26-SPB |
| ) | |
| **THOMAS CARNEY,** ) | |
| ) | |
|     **Defendant.** ) | |

### MEMORANDUM OPINION

    This *pro se* civil action was initiated by Plaintiff Ashol Akol on January 31, 2020. ECF No. 1. Appended to Plaintiff's motion for leave to proceed *in forma pauperis* was a complaint directed against Thomas Carney based upon an adverse ruling that the Defendant had issued in his capacity as a magisterial district judge.

    By Memorandum Opinion and Order issued on June 5, 2020, ECF Nos. [3] and [4], the undersigned granted Plaintiff leave to proceed *in forma pauperis,* directed that her complaint be filed, and dismissed the complaint under 28 U.S.C. §1915(e)(2)(B) for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. In its opinion, the Court observed that "Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted." ECF No. 3 at 3. Nevertheless, the Court construed the complaint liberally and indulged in various assumptions about the types of claims Plaintiff may be attempting to assert. After identifying numerous deficiencies in the pleading, the Court gave Plaintiff leave to amend her complaint in a fashion that would comport with the legal principles outlined by the Court.

1

Plaintiff did file an amended pleading on June 26, 2020. See ECF No. 8. Therein, she clarifies that her grievances "stem from a 2018 ruling issued by the Defendant in his capacity as a magisterial District Judge." ECF No. 8 at 1. Specifically, Plaintiff avers that the Defendant "maintained civil proceedings" in her absence, resulting in her "sixth amendment, right of plea and trial being obstructed." Id. Plaintiff further alleges that "[t]he defendant accepted money from a random civilian as a guilty plea." Id. She has submitted documents, which she claims "clearly underline [her] location and absence to the defendants [sic] jurisdiction." Id. She states that she was "ruled guilty by the defendant in complete innocence," [sic] and was "judged by the color of [her] skin[ ] (black) without proof of reasonable doubt." Id.

Based upon Plaintiff's reference to her "Sixth Amendment right of plea and trial" and also her suggestion that she was subjected to racial discrimination, the Court infers, as it did before, that Plaintiff is attempting to assert a claim under 42 U.S.C. §1983 for the violation of one or more federally guaranteed rights. In particular, the Court assumes that Plaintiff may be alleging violations of, among other things, her due process rights, her right to equal protection under the law, and her right to confront any accusers in a criminal proceeding.

Even so, the additional averments proffered by Plaintiff in her amended pleading do not cure the deficiencies previously identified by the Court. The fact that Plaintiff may have been convicted of a summary offense or misdemeanor *in absentia* does not establish, based on the present averments, that the magisterial district court lacked jurisdiction to render its ruling; consequently, it remains true that the Defendant is absolutely immune from monetary liability insofar as Plaintiff's claims are predicated upon his adverse rulings or other actions undertaken in a judicial capacity. *See Figueroa v. Blackburn*, 208 F.3d 435, 440 (3rd Cir. 2000) (noting the "well-settled principle of law that judges are generally immune from a suit for money damages")

2

(internal quotations omitted); *Van Tassel v. Lawrence Cty. Domestic Relations Section*, 659 F. Supp. 2d 672, 696 (W.D. Pa. 2009) (noting that absolute judicial immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction) (internal quotation marks and citations omitted), *aff'd,* 390 F. App'x 201 (3d Cir. 2010); *Muhammad v. Cappellini*, Civil Action No. 3:10–CV–2374, 2013 WL 1249029, at *3 (M.D. Pa. Mar. 27, 2013) (judicial acts include issuing orders, making rulings, and conducting hearings).

The amended complaint also provides no plausible basis for equitable relief. In her *ad damnum* clause, Plaintiff acknowledges that she views the instant litigation "as an opportunity to defend herself from the defendants [sic] judgment." ECF No. 8 at 2. But as this Court previously explained, Plaintiff cannot use these civil proceedings as a mechanism for doing so:

> To the extent she is seeking to overturn some type of criminal conviction through a civil rights lawsuit, her claims are potentially barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* holds that, where success in a §1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated." *Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) (citing *Heck*, 512 U.S. at 486-87), *cert. dismissed sub nom. Donahue v. Scalia*, No. 19-7573, 2020 WL 1668625 (U.S. Apr. 6, 2020). Moreover, to the extent the Defendant's ruling gave rise to a state court appeal that is still on-going, the doctrine of *Younger* abstention precludes this Court from interfering in those proceedings. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Donahue*, 789 F. App'x at 328. To the extent Plaintiff seeks to overturn a state court conviction that is final, her claim for equitable relief is likely barred by the *Rooker-Feldman* doctrine, which deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Donahue*, 789 F. App'x at 328.[ ]

*Akol v. Carney*, No. 1:20-CV-26-SPB, 2020 WL 3034830, at *3 (W.D. Pa. June 5, 2020) (footnote omitted). Indeed, the amended complaint suggests that all four *Rooker-Feldman* "requirements" apply in this case: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered

3

before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and citation omitted) (alterations in the original).

In sum, Plaintiff's amended pleading fails to state a claim upon which relief can be granted and is therefore subject to dismissal, *sua sponte,* pursuant to the requirements of 28 U.S.C. §1915(e)(2)(B). Moreover, because the deficiencies in the amended complaint cannot be remedied, further amendment would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, the Amended Complaint will be dismissed with prejudice, and without further leave to amend.

An appropriate Order follows.

                                                                                             *Susan Paradise Baxter*

                                                                                             SUSAN PARADISE BAXTER
                                                                                             United States District Judge

cm:   Ashol Akol
         238 West 8th Street, #26
         Erie, PA 16501
         (via U.S. Mail, First Class)